Ruggles, C. J.
 

 There was- no error in impannelling the jury. The statute (2 R. S. 420, § 61) directs, that “ the first twelve persons who shall appear, as their names are drawn and called, and shall be approved as indifferent between the parties, shall be sworn and *shall ^ be the jury to try the issue.” And § 67 directs, *- ‘ that if any juror be absent, at the time his name is drawn and called, the ballot containing his name shall be returned to the box containing the undrawn ballots. These directions were literally and. exactly followed. John Cushman, a juror on the panel, was absent and did not appear when his name was called. Perhaps, it was in the discretion of the court to direct his name to be called a second time, but neither party could require it to be done, as a matter of right. The objection to the course directed by the court is groundless.
 

 The tools found near Cooperstown, shortly after the burglary, were rightly allowed to be exhibited to the jury. They were offered together with evidence tending to show the prisoner’s connection with the tools and with the offence; and their production and exhibition were followed up by strong proof to that effect. The exhibition of the tools themselves afforded better and more satisfactory evidence to the jury, than any description of them from the testimony of witnesses.
 

 The evidence to show that the tools with which the bank was broken open, came from the premises in Oxford, Massachusetts, on which the defendant resided with his mother, over twc hundred miles from the place
 
 *452
 
 where the offence was committed, was properly received, in connection with the proof which had already been given. It had been shown, that the prisoner was seen, on the day after the robbery, under very suspicious circumstances, so near to the place where it was committed, that he might have committed it. Proof that the implements used in the commission of the offence came from his home, was a circumstance very proper to be submitted to the jury, in connecting him with the crime. The evidence in relation to the bars of iron found in the granary of Barton, one of his neighbors, in Massachusetts, was admissible, on the same principle. It had a tendency to show that the tools came from near his residence, and from a place to which he probably had access, and was receivable as circumstantial evidence.
 
 [1]
 

 There was nothing in the comments of the presiding judge *to the jury upon the facts, either censur453 ] able in itself, or erroneous in point of law. The conviction or acquittal of the prisoner depended upon the question, whether the jury gave credit to the witnesses called by him to prove an
 
 alibi,
 
 or whether they believed the witnesses who testified to having seen him at Rome and at Deerfield, shortly after the offence was committed. If they believed the witnesses last mentioned, they could not have believed those who swore to the
 
 alibi.
 
 The case was fairly submitted to the jury.
 

 Judgment affirmed.
 

 [1]
 

 See Foster
 
 v.
 
 People, 63 N. Y. 619, s. c. 3 Hun 6, as to what is sufficient evidence to connect a prisoner on trial, with the owrership of a set of burglar’s tools, found in an express office.